1
2
3
4
5
6
7

JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 800
Los Angeles, California 90064
Telephone:   (323) 979-2063
Facsimile:   (323) 488-6748

Attorney for Plaintiff

8
9
10

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**Western Division**

11
12
13
14
15
16

Kyungnan Lee, individually and on
behalf of all others similarly situated,

Plaintiff,

-against-

Midland Credit Management, Inc.,

Defendant.

Case No.:

**CLASS ACTION COMPLAINT** for
violations of the Fair Debt Collection
Practices Act, 15 U.S.C. § 1692 *et seq.*

**DEMAND FOR JURY TRIAL**

17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff Kyungnan Lee ("Plaintiff"), brings this Class Action Complaint by and through his attorneys, The Law Offices of Jonathan A. Stieglitz, against Defendant Midland Credit Management, Inc., ("Defendant") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION / PRELIMINARY STATEMENT

1.  Congress enacted the Fair Debt Collection Practices Act (hereinafter "FDCPA" or "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." Id. Congress concluded that "existing laws … [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §1692(b) & (c).

2.  Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. §1692(e). After determining that the existing consumer protection laws were inadequate, Id. §1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. §1692k.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et seq. The Court has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.     Plaintiff brings this class action on behalf of a class of California consumers under 15 U.S.C. § 1692 et seq., commonly known as the Fair Debt Collections Practices Act ("FDCPA").

6.     Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.     Plaintiff is a resident of the State of California, County of Los Angeles.

8.     Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with a registered agent addressed at 2710 Gateway Oaks Drive, Sacramento, CA 95833.

9.     Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10.    Plaintiff brings this claim on behalf of the following classes, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11.    The class consists of:

a.    all individuals who received a collection letter from the Defendant;

b.    that states that the Defendant will not sue the consumer for the debt because of the statute of limitations has passed;

c.    although the statute of limitations has not passed and the debt can be sued to be collected upon; and

d.    which was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12.    The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and or have purchased debts.

13.    Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class

- 4 -

members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violates 15 U.S.C. §§ 1692e and 1692f.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this Complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written

- 5 -

communications to consumers, in the form attached as Exhibit A, violates 15 U.S.C. §§ 1692e and 1692f.

c.   **Typicality:**  The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d.   **Adequacy:**   The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e.   **Superiority:**  A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

20. Some time prior to March 8, 2023, an obligation was allegedly incurred to Capital One Bank (USA), N.A., hereinafter "Capital One."

21. The Capital One obligation was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

22. The alleged Capital One obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. Capital One is a "creditor" as defined by 15 U.S.C. § 1692a(4).

24. Upon information and belief, Defendant purchased the alleged debt.

- 7 -

25. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

26. On or about March 8, 2023, Defendant sent Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to Capital One. A true and accurate copy of the Letter is attached hereto as Exhibit A.

27. On the bottom of the first page of the Letter, Defendant states the following:

> The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it.

*See* Exhibit A at 1.

28. The second page of the Letter includes basis information regarding the underlying debt, including the charge-off date, which is states to be August 8, 2020. *See id*. at 2.

29. Per California state law, the statute of limitations to collect on a debt is four (4) years. *See* Cal Code Civ Proc § 337.

30. Because the charge-off date occurred within four years of the Letter being sent, Defendant made a deliberate misrepresentation regarding the legal status of the debt.

31. Pursuant to 15 U.S.C. § 1692e(2)(A), a debt collector may make a false representation regarding "the character, amount, or legal status of any debt."

32. Pursuant to 15 U.S.C. § 1692e(10), a debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

33. Pursuant to 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

34. Defendant's Letter provides an incorrect statement regarding the legal status of the debt, stating that it is time-barred and uncollectible from a lawsuit, but that is factually not true.

35. The collection letter also contains multiple offers to settle the debt that include payments plans which if accepted would extend the statute of limitations.

36. Since the Defendant misrepresents the legal status of the alleged debt, the Defendant has violated multiple provisions of the FDCPA.

37. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

38. The harms caused by Defendant have a close relationship with various harms traditionally recognized as providing a basis for lawsuit in American courts.

39. As it relates to this case, the common-law analogues are to the traditional torts of fraud, negligent infliction of emotional distress, invasion of privacy, and nuisance.

40. For the purposes of this action, only a close relationship to common law harm is needed, not an exact duplicate.

41. Plaintiff suffered various emotional harms including, but not limited to, increased heartrate, difficulty with sleep, anxiety, and stress associated with Defendant's Letter and the misrepresentations it makes regarding the legal status of the alleged debt.

42. Defendant's conduct demonstrated a reckless disregard for causing Plaintiff to suffer from emotional stress.

43. Defendant's violations were knowing, willful, negligent, and/or intentional, and Defendant did not maintain policies and procedures reasonably adapted to avoid such violations.

44. Defendant's collection efforts with respect to the alleged debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to not be misled regarding the characteristics and legal status of the alleged debt.

45. Defendant's conduct with respect to its collection efforts were material in that the same affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts.

46. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

47. The funds Plaintiff could have used to pay some or all of the alleged debts were spent elsewhere.

48. Defendant's Letter does not clearly explain why the alleged debt is time-barred.

49. Plaintiff has no basis to determine what is the legal status of his debt and what rights, if any, he has or Defendant has in relation to the debt.

50. Defendant's communications further caused distress, embarrassment, humiliation, disruption, and other damages and consequences.

51. Because of the way the Letter is written, Defendant misleads and deceives Plaintiff into the mistaken belief that the alleged debt cannot be collected through a lawsuit, which is factually incorrect.

52. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to not be harassed or treated unfairly in connection with the collection of a debt.

53. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with a legally protected right to not suffer an invasion of privacy in connection with the collection of a debt.

54.   In reliance on Defendant's conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

55.   Because of Defendant's Letter sent to Plaintiff, Plaintiff expended time, money, and resources to determine how to respond to Defendant's debt collection activities.

56.   As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. §1692e *et seq.***

57.   Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

58.   Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

59.   Pursuant to 15 U.S.C. § 1692e, a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

60.   Defendant violated § 1692e:

a.    By misrepresenting in its Letter the legal status of the debt by stating that the debt could not be sued on because of its age; and

b.    By failing to maintain policies and procedures that would have prevented such misrepresentations to be made regarding the statute of limitations in the Letter.

61.    By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, and Plaintiff is entitled to an award of actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. §1692f *et seq.***

62.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

63.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

64.    Pursuant to 15 U.S.C. § 1692f, a debt collector "may not use unfair or unconscionable means to collect or attempt to collect any debt."

65.    Defendant violated § 1692f:

a.   By unfairly and unconsciobably sending the Letter which contained misinformation regarding the legal status of the alleged debt; and

b.   By failing to maintain policies and procedures that would have prevented such unfair and unconscionable representations to be made in the Letter.

66.   By reason thereof, Defendant is liable to Plaintiff for judgment inthat Defendant's conduct violated Section 1692f et seq. of the FDCPA, and Plaintiff is entitled to an award of actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

67.   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kyungnan Lee, individually and on behalf of all others similarly situated, demands judgment from Defendant as follows:

1.   Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Jonathan A. Stieglitz, Esq. as Class Counsel;

2.   Awarding Plaintiff and the Class statutory damages;

3.   Awarding Plaintiff and the Class actual damages;

4.   Awarding Plaintiff costs of this Action, including reasonable

attorneys' fees and expenses;

5.    Awarding pre-judgment interest and post-judgment interest; and

6.    Awarding Plaintiff and the Class such other and further relief as this

Court may deem just and proper.

Dated:  July 17, 2023                           Respectfully Submitted,

                                                THE LAW OFFICES OF
                                                JONATHAN A. STIEGLITZ

                                        By:    /s/ Jonathan A Stieglitz
                                                Jonathan A Stieglitz